UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

CHARLES DEAN MOSIER, )
)
          Petitioner, )
)
          v. )  No. 2:17-cv-00306-JMS-MJD
)
WARDEN, )
)
          Respondent. )

**Entry Discussing Petition for a Writ of Habeas Corpus**

Petitioner Charles Mosier, an inmate at the Putnamville Correctional Facility, brings this petition for a writ of habeas corpus challenging his 1992 conviction for public intoxication and his 1993 convictions for four counts of intimidation of law enforcement, one count of criminal mischief, and of being an habitual offender. Mosier was sentenced to 180 days for the public intoxication charge and forty-five years for the other convictions. For the reasons that follow, the petition for a writ of habeas corpus is **denied**.

**I. Factual and Procedural Background**

In May of 1992, Mosier was charged with intimidation to law enforcement and public intoxication. On October 7, 1992, Mosier pleaded guilty to Count II, public intoxication and the trial court sentenced him to 180 days. On November 6, 1992, Mosier was charged with four counts of intimidation to a law enforcement officer, criminal mischief, and alleged to be a habitual offender.

On January 13, 1993, Mosier is found guilty as charged and adjudicated a habitual offender. On January 18, the trial court sentenced Mosier to an aggregate sentence of forty-five years.

Mosier did not appeal his conviction for public intoxication. On November 10, 1992, the trial court released Mosier from his 180-day sentence. Mosier appealed the other convictions and challenged the trial court's finding that he was competent, that he did not validly waive his right to counsel, that the trial court erred in denying his request for a continuance, the sufficiency of the evidence of criminal mischief, and the sufficiency of the evidence regarding habitual offender status. On July 28, 1994, the Indiana Court of Appeals affirmed Mosier's conviction and sentence; Mosier did not seek transfer to the Indiana Supreme Court. On February 24, 2012, Mosier filed a petition for post-conviction relief in the state trial court challenging his public intoxication and other convictions. On October 5, 2012, the trial court denied Mosier relief. Mosier appealed, but the Indiana Court of Appeals dismissed the appeal on March 15, 2013, after Mosier repeatedly failed to file a corrected brief and appendix after tendering defective materials.

On June 29, 2017, Mosier filed the present petition for habeas relief. Mosier challenges his convictions in both state court cases.

## II. Discussion

Mosier raises a number of claims in support of his petition for a writ of habeas corpus. The respondent contends that Mosier is not in custody on the public intoxication conviction and that petition is barred by AEDPA's one-year statute of limitations.

A. *Public Intoxication*

The respondent first argues that Mosier cannot obtain habeas relief on his public intoxication conviction because he is no longer in custody under that conviction. Mosier was

convicted in 1992 of public intoxication and sentenced to 180 days. He was released from that sentence on November 10, 1992.

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). "It is the custody itself that must violate the Constitution. Accordingly, prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief." *Washington v. Smith*, 564 F.3d 1350, 1350 (7th Cir. 2009). In other words, "a habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief." *Id.* Because Mosier is not "in custody" on that conviction, he cannot obtain habeas relief on it.

B. *Statute of Limitations*

The respondent also argues that Mosier's claims are time-barred because it was filed more than a year after his state conviction became final.

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). Along with triggering dates not applicable here, "[u]nder 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). Mosier did not appeal his conviction for public intoxication. That conviction therefore became final when the time to appeal expired, no later than January 5, 1993. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) ("[T]he judgment

becomes final . . . when the time for pursuing direct review . . . expires."). Mosier appealed the other convictions and on July 28, 1994, the Indiana Court of Appeals affirmed those convictions. He did not seek transfer to the Indiana Supreme Court, so those convictions became final on the last day that he could have sought transfer, October 26, 1994.

Because Mosier's convictions became final before the effective date of AEDPA, he had one year from the effective date of the time bar provision, April 24, 1996, to file his petition for a writ of habeas corpus. *See Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002). The present petition, filed on June 29, 2017, is far too late.

The Court may be able to excuse this delinquency if it found that the statute of limitations should be equitably tolled. Whether Mosier is entitled to equitable tolling requires an analysis of whether the petitioner has "'(1) . . . been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2015) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Mosier does not directly address the untimeliness of his petition, but he argues that he was unsuccessful in pursuing post-conviction relief in state court because the trial court is "corrupted against him." He also challenges the rulings of the Indiana Court of Appeals and its decision not to allow him to file a successive motion for post-conviction relief. None of Mosier's arguments show that he is entitled to equitable tolling. Whether or not the state courts unfairly ruled on his appeal or his motion for post-conviction relief, he has presented no argument that he worked diligently to file his petition for a writ of habeas corpus in this Court and was for some reason prevented from doing so. He therefore is not entitled to equitable tolling and his petition is barred by the statute of limitations.

## III. Conclusion and Certificate of Appealability

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). The petitioner has encountered the hurdle produced by the one-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore denied with prejudice.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that the petitioner has failed to show that reasonable jurists would find "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 12/20/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

CHARLES DEAN MOSIER
923556
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Kelly A. Loy
OFFICE OF THE INDIANA ATTORNEY GENERAL
kelly.loy@atg.in.gov